**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0040, <u>State of New Hampshire v. Paul J. Howard, Jr.</u>, the court on August 14, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Paul J. Howard, Jr., appeals his conviction, following a jury trial in the Superior Court (<u>Will</u>, J.), on one count of pattern aggravated felonious sexual assault (AFSA). <u>See</u> RSA 632-A:2, III (Supp. 2023). The defendant argues that because the State failed to present evidence sufficient to prove that the assaults occurred "over a period of 2 months or more," the trial court erred in not dismissing the pattern AFSA charge. RSA 632-A:1, I-c (Supp. 2023). We affirm.

I. Background

The jury could have found the following facts. In 2017, when the victim was eleven years old, she visited the defendant every week. In November 2017, the defendant moved to an apartment in Dover, where the victim continued to visit him every week, until January 2018. The victim visited him at least once after January. The defendant moved out of his Dover residence around April 2018.

The victim testified that the defendant had her perform fellatio on him "[m]ore than once" when the defendant lived in Dover, but during "[j]ust some of the times" she visited him. When counsel for the State asked her whether "it happen[ed] throughout the time that [the defendant] was living in Dover," she answered "Yes." The victim explained that the assaults ultimately stopped when she "refus[ed] to go back . . . to the house."

The trial court conducted a four-day jury trial in November 2022 on two charges: one count of pattern AFSA and one count of AFSA. <u>See</u> RSA 632-A:2, III; RSA 632-A:2, I(l) (Supp. 2023). After the State rested, the defendant moved to dismiss both charges "on the sufficiency of the evidence." Defense counsel asserted that "[e]ven in the light most favorable to the State, . . . no reasonable jury could find beyond a reasonable doubt guilt on all these indictments." The State objected, and the trial court denied the motion. The jury returned guilty verdicts on both charges. This appeal of the pattern AFSA conviction followed.

II.  Analysis

On appeal, the defendant argues that the trial court erred by not dismissing the pattern AFSA charge for insufficient evidence on the temporal element.  Specifically, the defendant asserts that there was no evidence that "two alleged acts were separated by at least two months."  The State contends that it "presented direct and circumstantial evidence from which a rational fact-finder could determine that the defendant sexually assaulted the victim for a period of two months or more."

At the outset, the State asserts that the defendant's argument is not preserved for appellate review because he did not specifically challenge in the trial court the sufficiency of the evidence on the temporal element in his motion to dismiss.  The defendant counters that "[g]iven the arguments made, the court would have understood that it must consider the sufficiency of the evidence on the temporal element when it ruled on the motion to dismiss."  Based on our review of the record, we agree with the defendant that the argument was preserved.  Cf. State v. Guay, 162 N.H. 375, 380 (2011) (concluding that the defendant's argument that there was insufficient evidence of penetration was not preserved where the defendant argued before the trial court "that there was insufficient evidence of his guilt because [the victim's] testimony was 'inconsistent,' not that the State had failed to prove digital penetration").

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State.  State v. Pierce, 176 N.H. ___, ___ (2024), 2024 N.H. 12, ¶18.  The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom.  Id.  We examine each evidentiary item in the context of all the evidence, and not in isolation.  Id.  Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo.  Id.  The defendant has the burden of demonstrating that the evidence was insufficient to prove guilt.  Id. at ___, 2024 N.H. 12, ¶19.

"Pattern of sexual assault" is defined as "committing more than one act under RSA 632-A:2 or RSA 632-A:3, or both, upon the same victim over a period of 2 months or more and within a period of 5 years."  RSA 632-A:1, I-c.  The pattern AFSA indictment alleged, in pertinent part, that the defendant "engaged in a pattern of sexual assault" by having the victim "perform fellatio on him more than one time over a period of two months or more and within a period of five years."  The defendant does not challenge the sufficiency of the evidence with respect to the charged acts of forcing the victim who was not his

2

legal spouse to fellate him when she was under sixteen years of age.  See RSA 632-A:2, III.  Thus, we address only the temporal element of the charge.

Here, the evidence presented at trial establishes a time frame during which the assaults occurred: during the approximately five months the defendant lived in Dover, from November 2017 to "roughly" April 2018.  The victim testified that the assaults: (1) happened "[m]ore than once" when the defendant lived in Dover, but during "[j]ust some of the times" she visited him; (2) happened "throughout" the time the defendant lived in Dover; and (3) ultimately stopped when she "refus[ed] to go" "back to the house."  Considering all the evidence and reasonable inferences therefrom in the light most favorable to the State, we conclude that a rational trier of fact could have found that the defendant had the victim fellate him more than once "over a period of 2 months or more."  RSA 632-A:1, I-c; see Pierce, 176 N.H. at ___, 2024 N.H. at 12, ¶18.

The defendant argues that the deficiency in the State's evidence about the timing of the assaults is similar to the flaw identified in State v. Racette, 175 N.H. 132 (2022), in which we determined that the evidence was insufficient to support the defendant's pattern AFSA conviction.  See Racette, 175 N.H. at 140.  In Racette, we reasoned that the complainant's testimony that the defendant "sometimes" attempted sexual intercourse during a four-to-five month period, despite establishing that the conduct occurred more than once, "does not demonstrate the frequency of the conduct, nor does it establish a temporal connection between discrete acts of attempted sexual intercourse." Id. (quotation and brackets omitted).  We therefore concluded that "viewing this testimony in the light most favorable to the State, no rational juror could have found, based upon this testimony alone, and without making assumptions of facts not in evidence, that the defendant attempted to engage in sexual intercourse with the complainant more than once 'over a period of 2 months or more.'"  Id. (quoting RSA 632-A:1, I-c).

Here, the defendant asserts that, as in Racette, the evidence "establishes only that the alleged sexual act occurred more than once," and that there was no evidence of the frequency of the acts.  However, the evidence presented at trial demonstrated that the assaults occurred "throughout" the time the defendant lived in Dover.  (Emphasis added.)  Considering the evidence in the light most favorable to the State, a rational juror could have found, without making assumptions of facts not in evidence, that the defendant had the victim fellate him more than once "over a period of 2 months or more."  RSA 632-A:1, I-c; see State v. Cullen, 175 N.H. 628, 631-32 (2023) (concluding that "[g]iven the victim's testimony about the frequency of the assaults and that the defendant began assaulting her after living in her home 'for a few months' and continued doing so 'up until he moved out,' a rational juror could also have found that the assaults continued 'over a period of two months or more.'").

We conclude that the defendant has not demonstrated that the evidence was insufficient to prove guilt.  See Pierce, 176 N.H. at ___, 2024 N.H. at 12, ¶18.  Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

Distribution:
Strafford County Superior Court, 219-2019-CR-00441
Honorable Daniel E. Will
Pamela E. Phelan, Esq.
Appellate Defender
Attorney General
Audriana Mekula, Esq.
Francis Fredericks, Supreme Court
Sherri Miscio, Supreme Court
File